**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FELIX V.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Civil Action No. 24-7023 (RK)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER**, having come before the Court upon the Motion for Attorney's Fees Pursuant to the Social Security Act of Bryan Konoski ("Mr. Konoski"), ("Motion," ECF No. 17),[1] counsel for Plaintiff Felix V.[2] ("Plaintiff"), seeking attorney's fees in the amount of $23,915.75; and

**THE COURT NOTING** that, having reviewed Mr. Konoski's Motion,[3] Mr. Konoski asserts that he is entitled to $29,669.39 of the $132,463 in retroactive Social Security benefits awarded to his client for his client's disability beginning in 2015, equal to 25% of that award.[4] (Motion at 2–3; ECF No. 17-1 at 4.) Mr. Konoski asserts that Plaintiff received this award

---

[1] Because the Motion does not contain internal pagination, the Court uses the page numbers in the CM/ECF header.

[2] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

[3] Although the Motion is filed under Plaintiff's name, "the real part[y] in interest [is his] attorney[], who seek[s] to obtain . . . fee awards under § 406(b)." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

[4] As explained hereinbelow, Mr. Konoski ultimately seeks to obtain $23,915.75 in attorney's fees, or 18.05% of Plaintiff's past-due benefits; he seeks just under 25% of Plaintiff's $132,463 back payment award ($29,669.39), then will refund to Plaintiff the amount he previously received ($5,753.64). (*See* Motion at 2, 7.)

following the Court's November 18, 2024 Order remanding Plaintiff's request for benefits for further proceedings, (ECF No. 14), benefits the Commissioner of Social Security (the "Commissioner") subsequently awarded to Plaintiff following that remand, (Motion at 2–3). On March 17, 2025, the Court awarded Mr. Konoski $5,753.64 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), (ECF No. 16), for the 22.9 hours he spent working on Plaintiff's case, (ECF No. 17-1 at 13). *See* 28 U.S.C. § 2412(d)(1)(A). Consistent with his September 2024 "Fee Agreement" with Plaintiff, (ECF No. 17-1 at 10–11), Mr. Konoski moved on September 8, 2026 for less than 25% of Plaintiff's back payment award, which he contends is a reasonable fee amount, (Motion at 1–7; *supra* note 4); and

**WHEREAS**, the Court may determine that an attorney in a representation before this Court and the Commissioner is entitled to a "reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled," 42 U.S.C. § 406(b)(1)(A); and

**WHEREAS**, the Commissioner "neither supports nor opposes" Mr. Konoski's Motion, (ECF No. 19 at 1), as he "has no direct financial stake in the outcome of this motion; rather [he] plays a part in the fee determination resembling that of a trustee for the claimant[]," *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002); (*see* ECF No. 19 at 1); and

**WHEREAS**, the Court must "review for reasonableness fees yielded by [contingency-fee] agreements" like Mr. Konoski and Plaintiff's, *Gisbrecht*, 535 U.S. at 809, including by considering "(1) the character of the representation; (2) the results achieved; (3) whether the attorney was responsible for any delay; and (4) whether the benefits are large in comparison to the amount of time spent on the case," *Acosta v. Comm'r of Soc. Sec.*, No. 22-1454, 2022 WL 1598947, at *1 (3d Cir. May 20, 2022) (per curiam) (citing *Gisbrecht*, 535 U.S. at 808); and

**WHEREAS**, the Court "must also consider 'the primacy of lawful attorney-client fee agreements,'" *id.* (quoting *Gisbrecht*, 535 U.S. at 793); and

**WHEREAS,** counsel may be entitled to attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1)(A), but the attorney must refund the smaller fee awarded between the two amounts to the claimant, *Gisbrecht*, 535 U.S. at 796; and

**THE COURT FINDING** that Mr. Konoski's request for attorney's fees of $29,669.39 is reasonable. First, Mr. Konoski represented Plaintiff throughout the appeal process, including by reviewing the underlying record and preparing Plaintiff's brief. (*See* ECF No. 17-1 at 13.) Second, Mr. Konoski was successful in his representation of Plaintiff, securing Social Security Disability Insurance benefits beginning January 2020, including an award of over $130,000 in past-due benefits for an almost five-year period from January 2020 to September 2025. (*See* ECF No. 17-1 at 4–5.) Mr. Konoski "is a highly experienced practitioner in this area . . . and [he] produced excellent results for Plaintiff." *Anthony v. Comm'r of Soc. Sec.*, No. 11-796, 2014 WL 4352191, at *2 (D.N.J. Sept. 2, 2014); (*see* Motion at 5–7 (describing Mr. Konoski's firm's extensive federal appeals practice and his credentials in social security appeals).) Third, because Mr. Konoski's Motion was filed within 14 days of when Mr. Konoski was "notified of [the Commissioner's notice of] award," his Motion for fees is timely under Federal Rule of Civil Procedure 54(d)(2). *Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010); (*see* Motion at 3 (motion filed September 8, 2026, stating notice of award was received by counsel on August 25, 2026); ECF No 17-1 at 2–8 (notice of Commissioner's award dated August 5, 2026).) Fourth, Mr. Konoski's requested fee, averaging to approximately $1,295.60 per hour worked,[5] is not excessive or unreasonable when compared to

[5] Upon his receipt of the requested $29,669.39 and his return of the EAJA award to Plaintiff, Mr. Konoski's attorney's fees award will total $23,915.75. The corresponding imputed hourly rate is $1,044.36 ($23,915.75 divided by 22.9 hours), which is a more "accurate reflection of what [Mr.

other approved fees throughout this Circuit. *See, e.g.*, *Heath Reynold L. v. Bisignano*, No. 24-1335, 2025 WL 2899996, at *3 (E.D. Pa. Oct. 9, 2025) (collecting cases permitting Section 406(b) fees in excess of $1,000 per hour); *see also Orlando v. O'Malley*, No. 24-1431, 2024 WL 6964413 (E.D. Pa. Apr. 15, 2024). Finally, considering "the primacy of lawful attorney-client fee agreements," the Court will honor Mr. Konoski and Plaintiff's agreement here, which meets the 42 U.S.C. § 406(b)(1)(A) threshold of 25 percent. *Gisbrecht*, 535 U.S. at 793; (ECF No. 17-1 at 10–11.) However, because Mr. Konoski already received $5,753.64 under the EAJA, he must refund Plaintiff this lesser fee. *Gisbrecht*, 535 U.S. at 796; (ECF No. 16.)

Accordingly, **IT IS** on this 15 day of October, 2026,

**ORDERED** that Mr. Konoski's Motion (ECF No. 17) is **GRANTED**; and it is further

**ORDERED** that Mr. Konoski refund the EAJA award of $5,753.64 to Plaintiff upon receipt of $29,669.39; and it is further

**ORDERED** that the Clerk of the Court is directed to terminate the Motion pending at ECF No. 17.

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

Konoski] will actually recover for fees in this social security case and is an even more reasonable rate." *Heath Reynold L. v. Bisignano*, No. 24-1335, 2025 WL 2899996, at *3 n.4 (E.D. Pa. Oct. 9, 2025).